UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, et al.,

                    Plaintiffs,      **REPORT AND**
                                     **RECOMMENDATION**
v.

                                          **Case No. 22-cv-00416-JLS-JJM**

SILO CITY PHASE I LLC, et al.,

                    Defendants.
_____

        Plaintiffs Travelers Casualty and Surety Company of America and Liberty Mutual Insurance Company (collectively, the "Sureties") seek a declaratory judgment exonerating them from liability on their performance bond issued in favor of defendants Silo City Phase I LLC and Silo City Phase I Housing Development Fund Company, Inc. (collectively, "Silo City") in connection with the Silo City construction project in the City of Buffalo. Complaint [1].[1]

        Before the court is Silo City's motion [8] seeking to dismiss the Complaint pursuant to Fed. R. Civ. P. 9(c), 12(b)(1) and 12(b)(6), which has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [9]. Having reviewed the parties' submissions [8, 11, 12, 14], for the following reasons I recommend that the motion be denied.

---

[1]     Bracketed references are to CM/ECF docket entries and page references are to CM/ECF pagination.

## DISCUSSION

A.  **Should the Complaint Be Dismissed?**

Section 15.3.1 of the construction contract, to which the Sureties' performance bond relates, provides that "[c]laims, disputes, or other matters in controversy arising out of or related to the Contract . . . shall be subject to mediation as a condition precedent to binding dispute resolution". [8-2] at 48. Silo City argues that the Sureties are bound by that provision, and that "[b]ecause mandatory mediation is required as a condition precedent to this lawsuit under the plain terms of the Performance Bond and incorporated Construction Contract, and [the Sureties] failed to request mediation prior to filing this lawsuit, this lawsuit must be dismissed". Silo City's Memorandum of Law [8-5] at 17. While the Sureties deny that §15.3.1 applies to them (see Sureties' Memorandum of Law [12]), I need not decide whether it does, because it does not bar them from commencing this action in any event.

Silo City argues that "[w]here the language of a contract makes it unmistakably clear that a condition precedent was intended, literal observance is required". Silo City's Memorandum of Law [8-5] at 17. By way of example, Silo City cites O'Brien & Gere Ltd. v. Nextgen Chemical Processes, Inc., 55 A.D.3d 1408 (4th Dept. 2008). Silo City's Memorandum of Law [8-5] at 17. The mediation provision in that case required the parties "'to make a good faith effort to resolve any controversy, dispute or claim arising out of, or related to, this Agreement ('Dispute') by the use of *alternative dispute resolution* [ADR] procedures provided herein, prior to, and *as a condition of*, commencing any action or proceeding at law or in equity'". 55 A.D.3d at 1408 (emphasis in original). Citing this language, the court ruled that the lower court "erred in failing to dismiss the complaint in its entirety based on plaintiffs' failure to satisfy a condition precedent to commencing the action". Id.

Unlike the language at issue in O'Brien & Gere, §15.3.1 does not make mediation a condition precedent to commencing litigation - instead, it makes mediation a condition precedent only to "binding dispute resolution". To "resolve" a dispute means "[t]o make a formal decision" (Black's Law Dictionary (11th ed. 2019)), and the mere commencement of litigation does not formally decide anything. Therefore, "the mediation requirement is not a condition precedent to [the] right to sue". Advantage Industrial Systems, LLC v. Aleris Rolled Products, Inc., 2018 WL 1189402, *2 (W.D. Ky. 2018) (interpreting language identical to §15.3.1).

**B.      Should the Action be Stayed Pending Mediation?**

The Sureties suggest that "[e]ven if [they] were required to mediate disputes under the Performance Bond before litigating, the appropriate remedy would be to stay this case pending mediation, not to dismiss it". Sureties' Memorandum of Law [12] at 18. However, they have not formally sought this relief by Notice of Motion, as required by L. R. Civ. P. 7(a)(1), and "[w]here a request . . . is imbedded within an opposition memorandum, the issue has not been raised properly". Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009). *See also* Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014) ("a district court does not abuse its discretion by declining to grant a motion that was never properly made"). In any event, Silo City argues that the suggestion of a stay "is without merit", and that the Sureties' "failure to comply with the mediation condition precedent requires dismissal of Plaintiffs' complaint". Silo City's Reply Memorandum [14] at 11, 12.

Having addressed Silo City's motion for dismissal, I need not (and should not) decide whether a stay should be granted, since that relief has not been formally requested. *See* Miller v. Metropolitan Life Insurance Co., 979 F.3d 118, 124 (2d Cir. 2020) ("if it is not

necessary to decide more, it is necessary not to decide more"); <u>Hunish v. Assisted Living Concepts, Inc.</u>, 2010 WL 1838427, *8, n.5 (D.N.J. 2010) ("courts should decide only the questions they must decide").

## CONCLUSION

For these reasons, I recommend that defendants' motion to dismiss [8] be denied. Unless otherwise ordered by District Judge Sinatra any objections to this Report and Recommendation must be filed with the clerk of this court by January 10, 2023. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  December 27, 2022

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge