UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, et al.,

                        Plaintiffs,

v.

SILO CITY PHASE I LLC, et al.,

                        Defendants.

---

**SURESEDING REPORT,
RECOMMENDATION AND
ORDER**

**Case No. 22-cv-00416-JLS-JJM**

---

Plaintiffs Travelers Casualty and Surety Company of America and Liberty Mutual Insurance Company (collectively, the "Sureties") commenced this action on June 2, 2022, seeking a declaratory judgment exonerating them from liability on their performance bond issued in favor of defendants Silo City Phase I LLC and Silo City Phase I Housing Development Fund Company, Inc. (collectively, "Silo City") in connection with the Silo City construction project in the City of Buffalo. Complaint [1].[1] Before the court is Silo City's motion [16] seeking reconsideration of my December 27, 2022 Report and Recommendation [15], which recommended denial of Silo City's motion for dismissal of the Sureties' Complaint [8]. All motions have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [9].

Having reviewed the parties' submissions in connection with the motion for reconsideration [16, 22, 23] and re-reviewed their submissions in connection with the motion to dismiss [8, 11, 12, 14], the motion for reconsideration is granted, but I adhere to my initial

---

[1]      Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

recommendation, both for the reasons discussed in my Report and Recommendation [15], and for the additional reasons discussed herein.

**DISCUSSION**

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Although Silo City's motion for reconsideration does not cause me to alter my prior conclusion that its motion to dismiss should be denied, it *has* led me to supplement my reasoning in reaching that conclusion. Since a motion for reconsideration is nondispositive, Bruno v. City of Schenectady, 2014 WL 2707962, *3 (N.D.N.Y. 2014), I grant the motion in part.

In moving for reconsideration, Silo City argues that I erred by "finding that the mediation condition precedent at issue does not apply to the commencement of this lawsuit". Silo City's Memorandum of Law [16-1] at 7. I disagree. "When courts have found that mediation is a condition precedent to initiating litigation, the parties' agreement has . . . specified that mediation must *first* take place." Franke v. Yates, 2019 WL 4856002, *6 (D. Haw.  2019) (emphasis added).[2]

---

[2]    *See*, *e.g.*, the following cases cited by Silo City: O'Brien & Gere Ltd. v. Nextgen Chemical Processes, Inc., 55 A.D.3d 1408 (4th Dept. 2008) (requiring use of alternative dispute resolution procedures "prior to, and as a condition of, commencing any action or proceeding at law or in equity"); Bellingham Marine Industries, Inc. v. Del Rey Fuel, LLC, 2012 WL 12941958, *3 (C.D. Cal. 2012) (requiring mediation as "a condition precedent to . . . the institution of legal or equitable proceedings by either party"); ISS Facility Services, Inc. v. Fedcap Rehabilitation Services, Inc., 2021 WL 2784550, *1 (S.D.N.Y. 2021) (providing that "in the event that the dispute, claim or controversy has not been resolved through informal dispute resolution within sixty (60) days after a party requests mediation, the party seeking relief may file suit in a court of competent jurisdiction"); Bechtel Ltd. v. Viatel, Inc., 2000 U.S.

Here, by contrast, General Condition §15.3.2 states that a request for mediation "may be made *concurrently* with the filing of binding dispute resolution proceedings". Silo City's Memorandum of Law [16-1] at 9 (emphasis added). The phrase "concurrently with" does not mean "prior to". *See* People v. Williams, 186 A.D.3d 883, 884 (2d Dept. 2020) ("[t]hat conviction occurred concurrently with, not prior to, the instant offense"). Had the parties wished to make mediation a condition precedent to commencing litigation, §15.3.2 could have stated that the request for mediation "*shall* be made *prior to* the filing of binding dispute resolution proceedings". It does not say that, and courts are "not free to rewrite into a contract conditions the parties did not insert". Bank of New York Mellon Trust Co. v. Morgan Stanley Mortgage Capital, Inc., 821 F.3d 297, 307 (2d Cir. 2016).

Silo City further argues that "[t]here is no reasonable interpretation of the contract provisions . . . that permit the filing of binding dispute resolution - here litigation - without the prior or concurrent initiation of mediation. Said differently, because 'litigation' is defined as a form of 'binding dispute resolution,' and is the form of 'binding dispute resolution' selected by the parties here, the mediation condition precedent [General Condition §15.3.1] should be read as follows: 'Claims, disputes, or other matters in controversy arising out of or related to the Contract . . . shall be subject to mediation as a condition precedent to [litigation].'" Silo City's Reply Memorandum of Law [23] at 6.

However, the General Conditions do not define litigation as a *form* of binding dispute resolution - they define it as a *method* of binding dispute resolution (id. at 5, 6, *quoting* General Condition §12.2), which means something different. Litigation is "[t]he process of

---

Dist. LEXIS 15999, *1 (S.D.N.Y. 2000) (providing that "the Parties shall endeavor to settle the same by non-binding mediation . . . prior to any litigation in respect thereof").

carrying on a lawsuit" (<u>Black's Law Dictionary</u>, 11th ed. 2019), namely the method by which a binding dispute resolution is reached, whether by motion or trial. The commencement of litigation is not itself a binding dispute resolution, as the filing of a complaint does not resolve anything.

General Condition §15.3.2 states that a request for mediation "*may* be made concurrently with the filing of binding dispute resolution proceedings but, in such event, mediation shall proceed in advance of binding dispute resolution *proceedings*") (emphasis added). Therefore, if such a request is made at that time, mediation will precede litigation. However, the request need not be made at that time, since "'may' does not mean 'must'". <u>Coutard v. Municipal Credit Union</u>, 848 F.3d 102, 111 (2d Cir. 2017). "[T]iming is everything when it comes to conditions precedent and, as is often the case, parties engage in mediation *during* litigation." <u>Franke</u>, 2019 WL 4856002, *7.

"Conditions precedent are not favored." <u>Chrisanntha, Inc. v. DeBaptiste</u>, 196 A.D.3d 1033, 1036 (4th Dept. 2021). "If the language is in any way ambiguous, the law does not favor a construction which creates a condition precedent." <u>Ashkenazi v. Kent South Associates, LLC</u>, 51 A.D.3d 611 (2d Dept. 2008). The only clear condition precedent is contained in General Condition §15.3.1, making mediation a "condition precedent to binding dispute resolution", rather than to binding dispute resolution *proceedings* such as the commencement of litigation.

"[C]ourts should decide only the questions they must decide." <u>Hunish v. Assisted Living Concepts, Inc.</u>, 2010 WL 1838427, *8, n.5 (D.N.J. 2010). The only question before me at present is whether General Condition §15.3.1 is a condition precedent to the commencement of litigation. I conclude that it is not, and therefore does not require dismissal of the Complaint. Whether §15.3.1 applies to the Sureties at all will be decided if a motion is made to compel

mediation or stay the litigation. However, no such motion is pending, and since "it is not necessary to decide more, it is necessary not to decide more". <u>Miller v. Metropolitan Life Insurance Co.</u>, 979 F.3d 118, 124 (2d Cir. 2020).

One final point. In objecting to my original Report and Recommendation, Silo City contended that I erred by *sua sponte* interpreting the General Conditions in a manner that the Sureties had not argued. Objections [19] at 7, 16. I disagree. Although the parties are generally "responsible for advancing the facts and argument entitling them to relief", the court "is not hidebound by the precise arguments of counsel". <u>United States v. Sineneng-Smith</u>, 140 S.Ct. 1575, 1581 (2020). "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." <u>Kamen v. Kemper Financial Services, Inc.</u>, 500 U.S. 90, 99 (1991); <u>Torcivia v. Suffolk County</u>, 17 F.4th 342, 356, n. 24 (2d Cir. 2021); <u>cert. denied</u>, 143 S.Ct. 438 (2022). Since Silo City has had the opportunity to fully address this question in its motion for reconsideration, it has not been prejudiced.


## CONCLUSION

For these reasons, Silo City's motion for reconsideration [16] is granted, and I again recommend that its motion to dismiss [8] be denied. Unless otherwise ordered by District Judge Sinatra, objections to this Superseding Report, Recommendation and Order must be filed with the clerk of this court by March 3, 2023. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the District Judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: February 17, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge