UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA
and LIBERTY MUTUAL INSURANCE
COMPANY,

           Plaintiffs,

v.

SILO CITY PHASE I LLC and SILO
CITY PHASE I HOUSING
DEVELOPMENT FUND COMPANY,
INC.,

           Defendants.

22-CV-416 (JLS) (JJM)

---

### DECISION AND ORDER

Plaintiffs Travelers Casualty and Surety Company of America and Liberty Mutual Insurance Company ("Plaintiffs" or "Sureties") commenced this suit seeking a declaratory judgment exonerating them from liability on their performance bond issued in favor of Silo City Phase I LLC and Silo City Phase I Housing Development Company, Inc. ("Defendants"). Dkt. 1. On August 24, 2022, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 9.

Presently before the Court is Judge McCarthy's Superseding Report, Recommendation, and Order ("Superseding R&R") addressing Defendants' motion to dismiss the complaint and motion for reconsideration of Judge McCarthy's earlier

Report & Recommendation ("R&R"). For the reasons discussed below, the Court accepts Judge McCarthy's recommendation and denies the motion to dismiss.

## BACKGROUND[1]

Defendants entered into a construction contract with Arc Building Partners, LLC ("Arc") for a construction project in Buffalo. Dkt. 1 ¶ 10. As required under that contract, Plaintiffs entered a performance bond with Arc, under which Plaintiffs, as sureties, guaranteed Arc's performance of the Construction Contract. *Id.* ¶¶ 16-17. Defendants terminated Arc for substantial breaches of the construction contract. *Id.* ¶ 40. Plaintiffs ultimately issued a letter denying Defendants' claim, under the performance bond, for Arc's breaches of contract. *Id.* ¶ 115. Plaintiffs then commenced this action on June 2, 2022, seeking a declaratory judgment exonerating them from liability on their performance bond issued in favor of Defendants. *See generally* Dkt. 1.

Defendants moved to dismiss the complaint for failure to mediate as a mandatory condition precedent to the lawsuit. Dkt. 8. Specifically, Defendants argue that the performance bond incorporated the construction contract, without limitation, including the construction contract's mediation provisions. *See generally* Dkt. 8-5. Plaintiffs responded in opposition, arguing that the dispute resolution procedures contained in the construction contract do not apply to disputes arising under the performance bond. Dkt. 12, at 10-14. Plaintiffs further argue that, even

---

[1] The Court assumes the parties' familiarity with the details of this case and will provide only a brief summary of the relevant background.

2

if Plaintiffs were required to mediate, the proper remedy would be to stay the case pending mediation—not to dismiss it. *Id.* at 14-15.

Judge McCarthy issued a Report and Recommendation ("R&R) on December 27, 2022, that recommended denial of the motion to dismiss. Dkt. 15. Judge McCarthy concluded that the construction contract's dispute resolution provisions do not make mediation a condition precedent to the commencement of litigation, and that a stay of litigation was not appropriate because neither party moved for one.[2] Dkt. 15, at 2-4.

Defendants moved for reconsideration and filed objections. Dkts. 16, 18, 19. Defendants argued that Judge McCarthy erred in concluding that the mediation condition precedent does not apply to the commencement of this lawsuit. Dkt. 16-1. Plaintiffs responded in opposition to the motion for reconsideration (Dkt. 22), and Defendants replied (Dkt. 23).

On February 17, 2023, Judge McCarthy issued the Superseding R&R. Dkt. 24. Judge McCarthy granted the motion for reconsideration but again recommended that the motion to dismiss be denied—reviewing the language of the relevant provisions, Judge McCarthy again concluded that mediation was not a condition precedent to Plaintiff's commencement of this lawsuit. *See generally id.*

Defendants filed timely objections to both the earlier R&R and the Superseding R&R, reiterating the argument that Judge McCarthy's conclusion is

---

[2] Given this conclusion and the recommended disposition, Judge McCarthy declined to address Plaintiffs' argument that the construction contract's dispute resolution provisions were not applicable to this lawsuit. Dkt. 15, at 2.

3

contrary to controlling law and the plain terms of the subject contract. Dkt. 25. Plaintiffs responded on March 27, 2023, and Defendants replied on April 3, 2023. Dkts. 29, 30.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed both R&Rs, the parties' briefs, objections, and responses, and the relevant record in this case. Based on that *de novo* review, the Court accepts Judge McCarthy's recommendation to deny the motion to dismiss.

## CONCLUSION

For the reasons stated above and in both of Judge McCarthy's R&Rs, Defendants' motion to dismiss (Dkt. 8) is DENIED. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of August 24, 2022. Dkt. 9.

SO ORDERED.

Dated:     April 5, 2023
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE