UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, *et al.*, | **REPORT, RECOMMENDATION AND ORDER** |
| Plaintiffs, | |
| v. | Case No. 22-cv-00416-JLS-JJM |
| SILO CITY PHASE I LLC, *et al.*, | |
| Defendants. | |

---

Before the court are a motion by defendants Silo City Phase I LLC and Silo City Phase I Housing Development Fund Company, Inc. (collectively, "Silo City") to dismiss or stay this action pending resolution of a related state court action [38],[1] and a motion by plaintiffs Travelers Casualty and Surety Company of America and Liberty Mutual Insurance Company (collectively, the "Sureties") for judgment on the pleadings [39], both of which have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [9].

Having reviewed the parties' submissions [38, 39, 45, 46, 47, 48, 51, 52], for the following reasons I recommend that Silo City's motion to dismiss this action and the Sureties' motion for judgment on the pleadings both be denied without prejudice, and I order that this action be stayed pending resolution of the Sureties' claims in state court.[2]

---

[1]    Bracketed references are to CM/ECF docket entries and page references are to CM/ECF pagination.

[2]    "[T]he grant or denial of a stay is nondispositive", and "[t]he decision as to whether to grant or deny a stay lies firmly within the discretion of the district court". Moog Inc. v. Skyryse, Inc., 2022 WL 16852264, *2 and n. 4 (W.D.N.Y. 2022).

## BACKGROUND

By letter dated May 31, 2022 [38-3], the Sureties notified Silo City that they denied liability on the performance bond issued in connection with the Silo City construction project in the City of Buffalo. They commenced this action just two days later, seeking a declaratory judgment exonerating them from liability on the bond. Complaint [1]. On July 11, 2022 Silo City commenced an action in State of New York Supreme Court, County of Erie [38-4], seeking recovery from the general contractor (Arc Building Partners, LLC) for breach of the construction contract, and from the Sureties for breach of the performance bond.

On October 31, 2022 the Sureties answered the state court complaint, alleging, *inter alia*, that their "obligation under the Bond never ripened due to Plaintiffs' failure to satisfy paragraph 3.3 of the Bond, which constitutes a condition precedent to the Sureties' obligation thereunder" ([38-5], Second Affirmative Defense), that they "are discharged from any obligation under the Bond because Plaintiffs denied the Sureties their rights and remedies thereunder" (id., Fourth Affirmative Defense), and that "there is another action pending between the Sureties and Silo City for the same cause of action in the United States District Court for the Western District of New York" (id., Eighth Affirmative Defense). They also "reserve[d] the right to amend their Answer to assert their claims for declaratory relief as a Counterclaim in this action". Id. at 47.

On December 22, 2022 the Sureties served Silo City with a Notice to Produce, Interrogatories, and a Notice to Admit in the state court action [38-7], and on May 16, 2023 that court issued an Amended Scheduling Order on Consent [38-9], calling for completion of party depositions by September 15, 2023 and non-party depositions by December 31, 2023.

**DISCUSSION**

In opposing Silo City's motion, the Sureties argue that Silo City's "claim that the Sureties breached the performance bond is a compulsory counterclaim that [Silo City] was required to assert in this case", and that Silo City "should not benefit from its disregard of [Fed. R. Civ. P.] Rule 13". Sureties' Memorandum of Law [46] at 8. While it has been said that "[a] counterclaim which is compulsory but is not brought is thereafter barred" (Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469, n. 1 (1974)) and that "[i]f a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit" (Critical-Vac Filtration Corp. v. Minuteman International, Inc., 233 F.3d 697, 699 (2d Cir. 2000)), that rule does not apply where, as here, the omitted counterclaim is subsequently alleged in a state court complaint.

"A federal court is barred by [28 U.S.C.] §2283 from enjoining a party from proceeding in state court on a claim that should have been pleaded as a compulsory counterclaim in a prior federal suit." MyInfoGuard, LLC v. Sorrell, 2012 WL 5469913, *9 (D. Vt. 2012); Manitex International, Inc. v. Parimal, 2021 WL 222293, *4 (D. Conn. 2021).[3] "The result is that in the absence of voluntary restraint by one of the courts, both the federal and the state actions will proceed toward judgment and the first to reach that point will serve as the basis for asserting a defense of claim or issue preclusion in the action that still is being adjudicated." 6 Wright & Miller, Federal Practice and Procedure (Civil), §1418 (3d ed.); Sureties' Memorandum of Law [46] at 8. Since this court cannot restrain the state court action from proceeding, the question is whether it should allow this action to continue.

---

[3] 28 U.S.C. §2283 (the "Anti-Injunction Act") states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The Declaratory Judgment Act "provides only that federal courts *may* declare the rights and other legal relations of an interested party seeking such declaration . . . not that they *must* so declare. 28 U.S.C. § 2201(a) . . . . We have consistently interpreted this permissive language as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." Admiral Insurance Co. v. Niagara Transformer Corp., 57 F.4th 85, 96 (2d Cir. 2023) (emphasis in original).

"[T]he following considerations . . . should inform [the] court's exercise of such discretion: (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy . . . and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction." Id. at 99-100. "[N]o one factor is sufficient, by itself, to mandate that a district court exercise - or decline to exercise - its jurisdiction to issue a declaratory judgment. Likewise, these factors are non-exhaustive . . . with district courts retaining wide latitude to address other factors as relevant". Id. at 100.

While factors 1 and 2 favor retaining jurisdiction in this court, the remaining factors favor abstention. With regard to factor 3, the Sureties' commencement of this action merely two days after denying Silo City's claim under the performance bond strongly suggests both "procedural fencing" and a "race to res judicata". The Sureties' reliance upon Employers Insurance of Wausau v. Fox Entertainment Group, Inc., 522 F.3d 271 (2d Cir. 2008) (Sureties'

Memorandum of Law [46] at 15) is misplaced. That case involved the "first filed" rule: "where essentially the same lawsuit involving the same parties and the same issues is pending in two different federal courts, the 'first-filed rule' creates a presumption that the case filed earliest will take priority". Id. at 274. However, "[t]he first-to-file doctrine applies to concurrent federal litigation - not concurrent state/federal litigation". Radioactive, J.V. v. Manson, 153 F. Supp. 2d 462, 473 (S.D.N.Y. 2001); Fireman's Fund Insurance Co. v. Chris-Craft Industries, Inc., 932 F. Supp. 618, 621, n. 3 (S.D.N.Y. 1996) ("[t]he fact that this action was filed three days before the California action is not determinative. In Wilton, the Court affirmed the dismissal of a federal action that was filed before the parallel state action").

Since the Sureties admit that "[t]his is a New York case, involving a New York construction project", that "only New York law can apply", and that "[t]he state court . . . can provide a similar remedy to that sought by the Sureties here" (Sureties' Memorandum of Law [46] at 16, 17), factors 4, 5 and 6 furnish no support for their position. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 495 (1942); Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). Therefore, "district courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law". Travelers Indemnity Co. v. Philips Electronics North America Corp., 2004 WL 193564, *2 (S.D.N.Y. 2004); Fireman's Fund, 932 F. Supp. at 621 ("if this Court were to adjudicate this claim, there would be duplicative proceedings").

The Sureties contend that their "motion is premised upon [Silo City's] own correspondence and documents" and that their claims "concern only the language of the performance bond and facts that are established by the documentation attached to the Complaint". Sureties' Memorandum of Law [46] at 18. If so, they can quickly move for summary judgment in that court - in fact, they could have done so "at any time after issue ha[d] been joined" on October 31, 2022. Weiner v. Miller, 56 A.D.2d 819, 819 (1st Dept.1977); N.Y.C.P.L.R. 3212(a).[4] Moreover, a denial of that motion would be immediately appealable in state court,[5] whereas in this court it would not be. See Mara v. Rilling, 921 F.3d 48, 67-68 (2d Cir. 2019) ("[b]ecause the denial of a motion for summary judgment is not a final judgment, it is generally not immediately appealable").

Silo City seeks dismissal of the Sureties' Complaint or, in the alternative, a stay of this action pending final resolution of the parallel state court action. Silo City's Memorandum of Law [38-10] at 6. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy". Wilton, 515 U.S. at 288, n. 2.

---

[4] The arguments raised by the Sureties in support of their motion for judgment on the pleadings (see Sureties' Memorandum of Law [39-3] are identical to the affirmative defenses which they alleged in state court.

[5] See Diaz v. Jadan, 116 A.D.3d 600, 600-01 (1st Dept. 2014) ("the order is appealable as of right because the denial of the motion . . . affects a substantial right of plaintiff"); N.Y.C.P.L.R. §5701(a)(2)(iv),(v).

**CONCLUSION**

For these reasons, I recommend that Silo City's motion to dismiss this action and the Sureties' motion for judgment on the pleadings both be denied without prejudice, and I order that this action be stayed pending resolution of the Sureties' claims in state court.

Unless otherwise ordered by District Judge Sinatra any objections to this Report, Recommendation and Order must be filed with the clerk of this court by August 16, 2023. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  August 2, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge