UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA
and LIBERTY MUTUAL INSURANCE
COMPANY,

        Plaintiffs,

v.

SILO CITY PHASE I LLC and SILO
CITY PHASE I HOUSING
DEVELOPMENT FUND COMPANY,
INC.,

        Defendants.

22-CV-416 (JLS) (JJM)

---

## DECISION AND ORDER

Plaintiffs Travelers Casualty and Surety Company of America and Liberty Mutual Insurance Company ("Plaintiffs" or "Sureties") commenced this action seeking a declaratory judgment exonerating them from liability on their performance bond issued in favor of Silo City Phase I LLC and Silo City Phase I Housing Development Company, Inc. ("Defendants"). Dkt. 1. The case has been referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 9.

Presently before the Court are Plaintiffs' [56] objections to Judge McCarthy's [53] Report, Recommendation, and Order ("R&R"), which addressed (1) a motion by Defendants to dismiss the Complaint or, in the alternative, to stay proceedings, *see* Dkt. 38; and (2) a motion by Plaintiffs for judgment on the pleadings. *See* Dkt. 39.

Judge McCarthy's R&R recommends that Defendants' "motion to dismiss this action" as well as Plaintiffs' "motion for judgment on the pleadings" be "denied without prejudice." Dkt. 53 at 7.[1] He further "order[ed] that this action be stayed pending resolution of [Plaintiffs'] claims in state court." *Id.*

Plaintiffs objected to the R&R. Dkt. 56. They identify the following "proposed findings and recommendations to which they object": (1) "the Sureties' commencement of this action strongly suggests both procedural fencing and a race to res judicata"; (2) "the criteria for determining whether an action seeking declaratory relief is an improper anticipatory declaratory judgment action commenced for purposes of procedural fencing"; (3) "determining the Sureties' claims for declaratory relief would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court"; (4) "there is a better or more effective remedy than determining the Sureties' fully-briefed motion for judgment on the pleadings"; and (5) "concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction." *Id.* at 7 (internal quotation marks omitted).

Plaintiffs argue that the "R&R's recommendation that abstention is warranted here before deciding [Plaintiffs'] motion for judgment on the pleadings is a clear error of judgment." *Id.* at 25. They urge this Court to "reject the R&R" and "first determine" their request for judgment on the pleadings. *Id.* at 26.

---

[1] Unless noted otherwise, page numbers refer to the CM/ECF stamped pages in the header of each page.

Defendants responded in opposition to Plaintiffs' objections, Dkt. 60, and Plaintiffs replied. Dkt. 63.

The standard of review for "[n]ondispositive orders" is "clear error" review. *Ki v. Kim*, No. 20CV4343ARRJRC, 2022 WL 4551378, at *1 (E.D.N.Y. Sept. 29, 2022) (citing Fed. R. Civ. P. 72(a)). A "decision on a motion to stay is non-dispositive and thus is subject to review under Rule 72(a) of the Federal Rules of Civil Procedure." *McGowan v. Green*, No. 03 CIV 5400 LAP HBP, 2010 WL 2891183, at *4 (S.D.N.Y. July 12, 2010). *See also McNeil v. Capra*, No. 13-CV-3048 RA, 2015 WL 4719697, at *2 (S.D.N.Y. Aug. 7, 2015) ("Motions to stay . . . are generally considered nondispositive motions, for which the Court's standard of review of the magistrate judge's decision is highly deferential").

This Court has carefully reviewed the R&R, the objections briefing, and the relevant record. Judge McCarthy's order that that "this action be stayed pending resolution of the Sureties' claims in state court," *see* Dkt. 53 at 7, is not "clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a).[2]

---

[2] Further, based on this Court's *de novo* review, the recommendations regarding Defendants' motion to dismiss and Plaintiffs' motion for judgment on the pleadings are also—on these facts—proper.

As such, Defendants' [38] motion to dismiss and Plaintiffs' [39] motion for judgment on the pleadings are DENIED without prejudice. The R&R is otherwise AFFIRMED. This action is hereby STAYED pending resolution of the relevant state court matter. The case is referred back to Judge McCarthy consistent with the August 24, 2022 referral order. *See* Dkt. 9.

SO ORDERED.

Dated:  April 2, 2024
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE